HON. SALVADOR MENDOZA, JR.

Jerry J. Moberg and James E. Baker
Moberg Rathbone Kearns, P.S.
124 3rd Ave. S.W. – P.O. Box 130
Ephrata, WA 98823
jmoberg@mrklawgroup.com
jbaker@mrklawgroup.com
Phone: (509) 754-2356
Attorneys for Defendants / Counterclaim Plaintiffs

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REGINALD BLAIR, CRYSTAL BEAN, and PETER SHARP, | No. 2:19-cv-00083 SMJ |
| Plaintiffs, | **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMO IN SUPPORT OF MOTION** |
| v. | |
| SOAP LAKE NATURAL SPA & RESORT LLC, AND SHERRY XIAO, | **Noted March 6, 2020 WITHOUT ORAL ARGUMENT** |
| Defendants. | |

## MOTION

COME NOW Defendants Soap Lake Natural Spa & Resort, LLC, (Soap Lake Resort) and Sherry Xiao, by and through counsel, and moves the Court for an order dismissing Plaintiffs' lawsuit on summary judgment. This motion is based upon Fed.R.Civ.P. 56, Defendants' Statement of Specific Facts (DSSF), the annexed legal memo, the argument of counsel and the files and records.

\\PROLAWSVR\lawdata\Documents\Soap Lake Natural Spa & Resort\Blair et al v Soap Lake Resort\Pleadings - Dispositive\559900.doc

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND MEMO IN SUPPORT OF MOTION -- Page 1 of 29
No. 2:19-cv-00083 SMJ

MOBERG RATHBONE KEARNS
P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA 98823
(509) 754-2356 | Fax (509) 754-4202

DATED this 14th day of January, 2020.

MOBERG RATHBONE KEARNS, P.S.


*s/ Jerry J. Moberg and James E. Baker*
JERRY J. MOBERG, WSBA No. 5282
JAMES E. BAKER, WSBA No. 9459
Attorneys for Defendants / Counterclaim Plaintiffs

## **MEMORANDUM**

## I.     INTRODUCTION

The Court entered an order allowing Defendants to file a motion for summary judgment not exceeding 30 pages in length.  (ECF 24.)

Sherry Xiao is the Chief Executive Officer/Owner of Soap Lake Resort and her husband, Kevin Wen, is Chief Financial Officer/Owner of Soap Lake Resort.

On March 1, 2018, Blair began working at Soap Lake Resort's restaurant (Lakeside Bistro) as the Director of Food and Beverages and Executive Chef.  On March 17, 2018, Sharp began working as Hotel Manager/Marketing Director. His title later became Director of Operations for Defendants' restaurant (Lakeside Bistro), inn (The Inn at Soap Lake) and lodge (Notaras Lodge). Blair and Sharp were each employed less than four months and only worked with the alleged harasser for less than two months. At the time of Bean's dismissal she worked as the Service Lead and bartender in the restaurant.  After it was concluded that Blair, Bean and Sharp were untrustworthy, they were fired on June 27, 2018.

\\PROLAWSVR\lawdata\Documents\Soap Lake Natural Spa & Resort\Blair et al v Soap Lake Resort\Pleadings - Dispositive\559900.doc

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND MEMO IN SUPPORT OF MOTION -- Page 2 of 29
No. 2:19-cv-00083 SMJ

MR | MOBERG RATHBONE KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

Spiros Michaelidis (Spiros) began working as Soap Lake Resort's Executive Management Consultant on May 9, 2018. He was initially hired to coach Sharp in hotel management and marketing and to prepare Profit and Loss reports that were not forthcoming from Blair. Spiros ceased working for Soap Lake Resort on Sept. 30, 2018.

Bean did not obtain a Notice of Right to Sue from the Equal Employment Opportunity Commission (EEOC).

## II.   STATEMENT OF FACTS

The facts are set forth in DSSF. The facts demonstrate that (1) Blair and Sharp were property paid under their contracts, (2) Blair and Sharp did not suffer a wrongful withholding of wages, (3) the alleged harassment of Blair, Bean and Sharp by Spiros was not severe or pervasive, did not interfere with work performance and was not imputable to Ms. Xiao or Mr. Wen, (4) Blair was not retaliated against for opposing religious or national origin harassment, (5) Blair and Sharp were discharged for being untrustworthy and not because they filed the state wage claims that they ultimately abandoned, (6) Mr. Wen and Ms. Xiao did not receive notice of any L & I wage claim by Blair, Bean or Sharp until after they decided to fire Blair and Sharp, (7) Bean requested a letter of termination, and (8) Sharp was not entitled to overtime pay because he was an exempt manager together

\\PROLAWSVR\lawdata\Documents\Soap Lake Natural Spa & Resort\Blair et al v Soap Lake Resort\Pleadings - Dispositive\559900.doc

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND MEMO IN SUPPORT OF MOTION -- Page 3 of 29
No. 2:19-cv-00083 SMJ

MOBERG
RATHBONE
KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

with the fact that his ballpark estimate of time worked is not sufficient to support an overtime claim.

## III.    APPLICABLE COURT RULE AND STANDARD OF REVIEW

The Court grants summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).   A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If the moving party makes a showing that there is no genuine dispute of material fact, the nonmoving party bears the burden of showing a genuine dispute of material fact exists because reasonable minds could differ on the result. *Id.* at 248-51.

## IV.    ARGUMENT

## <u>CLAIMS BY PLAINTIFF BLAIR</u>

## A.    BREACH OF CONTRACT UNDER STATE LAW

Blair alleges that Soap Lake Resort "breached the contract [with him] by deducting [his] rent from his biweekly paycheck and not reimbursement [him] for the costs of relocation. to pay his rent in addition to his salary and by failing to reimburse him for the costs of relocation.  (1st Amend. Compl. ¶ 92.)  As reflected in an email dated March 29, 2018, Soap Lake Resort was to pay $1,600 per month

\\PROLAWSVR\lawdata\Documents\Soap Lake Natural Spa & Resort\Blair et al v Soap Lake Resort\Pleadings - Dispositive\559900.doc

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND MEMO IN SUPPORT OF MOTION -- Page 4 of 29
No. 2:19-cv-00083 SMJ



P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

directly to Blair's landlord and Soap Lake Resort was authorized to deduct $800 per month from Mr. Blair's pay.  (DSSF # 166.) Soap Lake Resort agreed to pay $1,000 to Blair as relocation assistance and did, in fact, pay the $1,000 to Blair.  (DSSF # 150 n. 1.)  Blair was paid everything that he was entitled to under his contract.

**B.    WILLFUL WITHHOLDNG OF WAGES UNDER STATE LAW**

Blair alleges that Soap Lake Resort paid him a lower wage than they were obligated by contract to pay him.  (1st Amend. Compl. ¶ 100.)  Blair alleges that Soap Lake Resort "willfully paid [him] . . . a lower wage than [Defendants] were obligated by contract to pay [him]." (*Id.*)  Under Washington law, employers must not "[w]illfully and with intent to deprive [an] employee of any part of his or her wages ... pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract." RCW 49.52.050.

The "critical determination" is whether non-payment is willful. *Schilling v. Radio Holdings, Inc.,* 136 Wn.2d 152, 157-58, 961 P.2d 371 (1998).

> [A]n employer's failure to pay wages is not willful when it is either due to (1) carelessness or inadvertence or (2) the existence of a bona fide dispute. . . . To qualify as a "bona fide" dispute, it must be "fairly debatable" as to whether an employment relationship exists or whether the wages must be paid. . . . Generally, the issue of whether the withholding of wages was "willful" is a question of fact; however, if reasonable minds could reach but one conclusion from these facts, the issue may be decided as a matter of law.

\\PROLAWSVR\lawdata\Documents\Soap Lake Natural Spa & Resort\Blair et al v Soap Lake Resort\Pleadings - Dispositive\559900.doc

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND MEMO IN SUPPORT OF MOTION -- Page 5 of 29
No. 2:19-cv-00083 SMJ

MR MOBERG RATHBONE KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

1

*Busey v. Richland Sch. Dist.,* 172 F.Supp.3d 1167, 1181 (E.D. Wash. 2016)

2

(summary judgment entered in favor of defendant).

3

The declarations of Mr. Wen and Ms. Xiao establish that Blair was paid all

4

wages to which he was entitled. At most, there is a bona fide dispute.  A bona fide

5

dispute does not support a claim for wrongful withholding of wages.

6

## C.    RELIGIOUS HARASSMENT UNDER FEDERAL AND STATE LAW

7

Blair alleged "harassment" due to his religion by being "subjected to slurs,

8

insults, jokes or other verbal comments or physical contact or intimidation of a

9

religious nature."  (1st Amend. Compl. ¶ 111.)

10

Blair's Notice of Complaint of Discrimination dated June 22, 2018 charged

11

discrimination against Lakeside Bistro.  (DSSF # 236.)

12

Ms. Xiao cannot be liable under any Title VII claim because "individual

13

defendants cannot be held liable for damages under Title VII."  *Ortez v. Washington*

14

*Co.,* 88 F.3d 804, 804 (9th Cir. 1996), *quoted with approval Magden v. Easterday*

15

*Farms,* 2017 WL 1731705, *5 (E.D. Wash. 2017).

16

*Federal Religious Harassment Law* – Blair lacks evidence that the alleged

17

religion harassment was severe or pervasive, that it interfered with his work

18

performance or that Ms. Xiao or Mr. Wen failed to take adequate remedial

19

measures.

20
21
22
23
24

\\PROLAWSVR\lawdata\Documents\Soap Lake Natural Spa & Resort\Blair et al v Soap Lake Resort\Pleadings - Dispositive\559900.doc

MR    MOBERG
RATHBONE
KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

> To establish a cognizable hostile work environment claim [based upon religion], [plaintiff] must show that (1) he was a member of a protected class, (2) he faced unwelcome harassment, (3) he suffered the harassment because of his religion, (4) the harassment created a work environment that unreasonably interfered with [plaintiff's] work performance, and (5) the [employer] was responsible for the harassment.

*Hudson v. City of Highland Park, Mich.,* 943 F.3d 792, 803 (6th Cir. 2019). *See also E.E.O.C. v. Sunbelt Rentals, Inc.,* 521 F.3d 306, 313 (4th Cir. 2008): (religious harassment that creates a "hostile work environment" is actionable under Title VII if the plaintiff shows that "the harassment was (1) unwelcome, (2) because of religion, (3) sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere, and (4) imputable to the employer."); *Vasquez v. Cnty. of Los Angeles,* 349 F.3d 634, 642 (9th Cir. 2003) (a claim for hostile work environment under Title VII requires a showing that (1) plaintiff was subjected to verbal or physical conduct based on being a member of a protected class, (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of employment and create an abusive work environment). An employer is not liable for a hostile work environment unless the employee failed "to take adequate remedial measures in order to avoid liability." *Nichols v. Azteca Rest. Enterprises, Inc.,* 256 F.3d 864, 875 (9th Cir. 2001).

To satisfy the severe or pervasive test, the employee must show that the work environment was both subjectively and objectively hostile. *McGinest v. GTE Servs.*

\\PROLAWSVR\lawdata\Documents\Soap Lake Natural Spa & Resort\Blair et al v Soap Lake Resort\Pleadings - Dispositive\559900.doc

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND MEMO IN SUPPORT OF MOTION -- Page 7 of 29
No. 2:19-cv-00083 SMJ



*Corp.,* 360 F.3d 1103, 1113 (9th Cir. 2004). In making the objective determination, the court looks to all the circumstances, including the frequency, severity and nature of the conduct (i.e., physically threatening or humiliating as opposed to merely verbally offensive). *Vasquez,* 349 F.3d at 642. The objective hostility of the environment must be considered "from the perspective of a reasonable person belonging to the racial or ethnic group of the plaintiff." *Id.* at 1115. **The conduct must be "extreme" to amount to a change in the terms and conditions of employment.** *Faragher v. City of Boca Raton,* 524 U.S. 775, 787-88 (1998).

> [M]ere utterance of an epithet which engenders offensive feelings in an employee does not sufficiently affect the terms and conditions of employment to implicate Title VII. Conduct is not severe or pervasive enough to create an objectively hostile or abuse work environment – an environment that a reasonable person would find hostile or abusive – is beyond Title VII's purview.

*Harris v. Forklift Systems,* 510 U.S. 17, 21 (1973) (quotation marks and citations omitted). *See also Meritor Savings Bank v. Vinson,* 477 U.S. 57, 67 (1986) (quoting with approval the "mere utterance" rule from *Harris*).

In *Hudson, supra,* a religious harassment claim was held to be properly dismissed on summary judgment. For five years, plaintiff was criticized for his Christian faith and generally belittled. 943 F.3d at 797. The circuit court agreed that plaintiff did not establish that the harassment created a work environment that

\\PROLAWSVR\lawdata\Documents\Soap Lake Natural Spa & Resort\Blair et al v Soap Lake Resort\Pleadings - Dispositive\559900.doc

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND MEMO IN SUPPORT OF MOTION -- Page 8 of 29
No. 2:19-cv-00083 SMJ

MR MOBERG RATHBONE KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

unreasonably interfered with plaintiff's work performance.  *Id.* at 803. The circuit

court stated:

> "[T]easing, offhand comments and isolated incidents (unless extremely
> serious) will not amount to discriminatory changes in the terms and
> conditions of employment." [*Quoting Faragher, supra.*]  All Hudson
> can show are periodic rude comments from his co-workers, which
> generally do not suffice.  *Cf. Tepper,* 505 F.3d at 516 (holding no
> discrimination as a matter of law where plaintiff "accused a handful of
> employees of occasionally making comments about his . . . observance
> of the Jewish Sabbath"); *Hafford,* 183 F.3d at 514 (holding no hostile
> work environment as a matter of law where co-workers told a Muslim
> employee "that he was preparing for a holy war" and mocked him for
> observing certain Muslim practices). . . . But the reality remains that
> **Title VII does not serve as a "general civility code for the
> American workplace."** *Oncale v. Sundowner Offshore Servs., Inc.,*
> 523 U.S. 75, 80 . . . (1998).

*Id.* (Emphasis added.) The circuit court in *Hudson* further stated that plaintiff did

not present sufficient evidence that the remarks unreasonably interfered with his

work performance; "Hudson admits that he never received fewer assignments or

worse assignments because of his religious beliefs." *Id.*

During Blair's deposition he was asked about all of the religious and national

origin harassment he experienced from Spiros.  Blair's responses are found in

Blair's deposition testimony.  (DSSF ## 24-48.)   Blair lacks evidence that Ms.

Xiao and Mr. Wen had such notice of harassment which would trigger their duty to

take adequate remedial action to stop the harassment.

\\PROLAWSVR\lawdata\Documents\Soap Lake Natural Spa & Resort\Blair et al v Soap Lake Resort\Pleadings - Dispositive\559900.doc

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND MEMO IN SUPPORT OF MOTION -- Page 9 of 29
No. 2:19-cv-00083 SMJ

MOBERG
RATHBONE
KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

*WLAD Religious Harassment Law* -- A state law claim under the Washington Law Against Discrimination (WLAD) does not require a Right to Sue letter. *Gonzalez v. Nat'l R.R. Passenger Corp.,* 2010 WL 1539755, 1 (9th Cir. 2010). Also, there may be individual liability under the WLAD. *Brown v. Scott Paper Worldwide Co.,* 143 Wn.2d 349, 358, 20 P.3d 921 (2001).

A prima facie case of hostile work environment under the WLAD is substantially similar to that under Title VII. A WLAD claim requires proof that (1) the harassment was unwelcome, (2) the harassment was because of being a member of a protected class, (3) the harassment affected the terms and conditions of employment and (4) the harassment is imputable to the employer. *Antonius v. King Cnty.,* 153 Wn.2d 256, 261, 103 P.3d 729 (2004). The third element (affecting the terms and conditions of employment) requires that the harassment be "sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment . . . ." *Id.* Here, the merits of Blair's WLAD harassment claim are not any stronger than his federal harassment claim.

## D.    NATIONAL ORIGIN HARASSMENT UNDER FEDERAL AND STATE LAW

*No Claim of National Origin Harassment* – The court lacks jurisdiction over Blair's federal national origin harassment claim because **Blair did not make a claim for national origin harassment in his agency complaint.** The WHRC's

\\PROLAWSVR\lawdata\Documents\Soap Lake Natural Spa & Resort\Blair et al v Soap Lake Resort\Pleadings - Dispositive\559900.doc

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND MEMO IN SUPPORT OF MOTION -- Page 10 of 29
No. 2:19-cv-00083 SMJ

MR MOBERG RATHBONE KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA 98823
(509) 754-2356 | Fax (509) 754-4202

Notice of Complaint of Discrimination had a box for "National Origin" discrimination but it was not checked. it.  (DSSF # 236.)  The only boxes checked were for "Creed/Religion" and "Retaliation." (*Id.*) Under Title VII, a plaintiff must exhaust administrative remedies by filing a charge with the EEOC or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge. *B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1099 (9th Cir. 2002). "Allegations of discrimination not included in the plaintiff's administrative charge may not be considered by the federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge.  *Id.*

*Federal National Origin Harassment Law* – A hostile work environment based on national origin uses the same test as a hostile work environment based on religion: evidence of (1) being subjected to verbal or physical conduct based on a protected class, (2) by conduct that was unwelcome and (3) the conduct was sufficiently severe or pervasive to alter the conditions of employment and create an abuse work environment.  *Vasquez,* 349 F.3d at 642 (9th Cir. 2003).  The conduct is not imputable to the employer unless the employer authorized, knew, or should have known of the harassment and failed to take reasonably prompt and adequate corrective action.  Under Title VII and the WLAD an employer is only liable for harassment "if the employer knew or should have known of the harassment but did not take adequate steps to address it." *Swinton v. Potomac Corp.,* 270 F.3d 794,

\\PROLAWSVR\lawdata\Documents\Soap Lake Natural Spa & Resort\Blair et al v Soap Lake Resort\Pleadings - Dispositive\559900.doc

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND MEMO IN SUPPORT OF MOTION -- Page 11 of 29
No. 2:19-cv-00083 SMJ

MR | MOBERG
RATHBONE
KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

803 (9th Cir. 2001). Blair cannot establish he suffered severe or pervasive harassment due to his national origin, that the alleged harassment interfered with his work performance or that Ms. Xiao and Mr. Wen knew or should have known about the alleged harassment.

The Ninth Circuit considered national origin harassment in *Nagar v. Foundation Health Systems, Inc.,* 2003 WL 187102 (9th Cir. 2003), where the court held that plaintiff's hostile work environment claim was barred because the employee was not subjected to sufficiently severe or pervasive harassing conduct as would alter the terms of the employee's conduct.  The facts were described by the district court in *Nagar v. Foundation Health Systems, Inc.,* United States District Court (C.D. Cal. 2001). (ECF 39.)  The district court stated at 3:

> Plaintiff testified that Hsiang criticized her use of British English and that he made comments about Indian food.  Plaintiff further testified that on another occasion, Hsiang commented that in Chinese and Indian cultures, people often yelled and that both he and she should not find that kind of behavior inappropriate.

In affirming the district court's summary judgment for the employer, the Ninth Circuit stated that "all the instances of national origin harassment taken together show that [plaintiff] was subjected only to offhand comments and isolated incidents of offensive conduct" which "were insufficiently severe or pervasive to alter the terms of [plaintiff's] employment and thus to create an actionable hostile work environment." *Id.* at *1.

\\PROLAWSVR\lawdata\Documents\Soap Lake Natural Spa & Resort\Blair et al v Soap Lake Resort\Pleadings - Dispositive\559900.doc

MOBERG
RATHBONE
KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

In *Hukman v. Southwest Airlines Co.,* 2019 WL 3974073 (S.D. Cal. 2019),

the district court entered summary judgment in favor of an employer on plaintiff's

claim of national original harassment.  Plaintiff alleged that two customer service

agents called her a "shishkabob" and that mocked her accent.  *Id.* at *17. The

district court concluded at *18:

> Based on the legal standards under Title VII . . . no reasonable jury
> could find that Plaintiff's workplace was so "permeated with
> discriminatory intimidation, ridicule, and insult [so] severe or
> pervasive [as] to alter the conditions of her employment and create an
> abusive working environment.

The district court in *Hukman* at *18 referred to the Ninth Circuit's opinion in

*Manatt v Bank of America,* 339 F.3d 792 (9th Cir. 2003) (finding that co-workers'

derogatory comments about Chinese people and communism, references to plaintiff

as "China woman," imitations and mockery of the appearance of Asians by pulling

their eyes back with their fingers, and laughter at plaintiff's mispronunciations on

account of her Chinese ethnicity did not constitute severe, repeated, or pervasive

enough to alter the conditions of plaintiff's employment).

In *Robles v. Agreserves, Inc.,* 158 F.Supp.3d 952 (E.D. Cal. 2016), plaintiff

made a claim under Title VII alleging, *inter alia,* national origin harassment.

Plaintiff's "national origin harassment claim [was] based on three actions by [a

foreman] – almost daily calling [plaintiff] a 'stupid Mexican,' almost daily saying

\\PROLAWSVR\lawdata\Documents\Soap Lake Natural Spa & Resort\Blair et al v Soap Lake Resort\Pleadings - Dispositive\559900.doc

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND MEMO IN SUPPORT OF MOTION -- Page 13 of 29
No. 2:19-cv-00083 SMJ

MR MOBERG
RATHBONE
KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

that he was 'above all Mexicans,' and the 'rifle incident.'"[1] 158 F.Supp. at 980. The

court held that plaintiff did not create an issue of material fact of national origin

harassment.  The district court stated:

> While arrogant and offensive, [the foreman's] words were not
> particularly severe. . . . One comment by one person that occurred
> 'almost daily' for a short period of time does not appear to be
> particularly pervasive. . . . [T]he evidence does not show that [the
> foreman's] conduct was sufficiently severe or pervasive such that it
> "would have interfered with a reasonable employee's work
> performance and would have seriously affected the psychological well-
> being of a reasonable employee . . . ."

*Id.* at 982.  "In sum, because the evidence does not show sufficiently severe or

pervasive harassing conduct because of national origin, summary judgment on this

claim is appropriate."  *Id.*

During Blair's deposition, he stated being called a "Stupid American" was

offensive to him:  "In mean, it's offensive to me because you live in America. You

should – you should love the people that you live with or in the country that you're

in.  I mean, [Spiros is] not from America . . . ." (DSSF # 40.)  Blair also testified

that Spiros gave preferential treatment to people of Greek or Russian descent: "Yes.

. . . Um, like he would want us to go and buy everything – all our products from the

Russian store in town instead of from a local farmer.  (DSSF # 46.)  Blair testified

that "at least two times every week" Spiros would use the term "Stupid American."

(DSSF # 39.)   Blair also testified that Spiros would make two to three jokes –

---

[1]     The "rifle incident" was a worker shooting at coyotes but not at plaintiff.  158 F.Supp.3d at 980.
\\PROLAWSVR\lawdata\Documents\Soap Lake Natural Spa & Resort\Blair et al v Soap Lake Resort\Pleadings - Dispositive\559900.doc

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND MEMO IN SUPPORT OF MOTION -- Page 14 of 29
No. 2:19-cv-00083 SMJ

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

"well, not jokes, but statements" – more than one time per day.  (DSSF # 47.)  Blair

testified that he does not recall Spiros ever saying anti-Mexican, anti-African

American or anti-Indian statements.  (DSSF # 41.)

Further, "even if a hostile work environment exists, an employer is only

liable for failing to remedy harassment of which it knows or should have known."

*Fuller v. City of Oakland,* 47 F.3d 1522, 1527 (9th Cir. 1995).  Here, Blair lacks

evidence that Ms. Xiao and Mr. Wen knew or should have known that Spiros was

involved in severe or pervasive harassment of Blair due to his national origin.

*WLAD National Origin Harassment* – "The elements for hostile work

environment under the WLAD are closely related to Title VII's elements."  *Butler*

*v. G4S Secure Solutions (USA), Inc.,* 2019 WL 6039966, *5 (E.D. Wash. 2019).

> The discriminatory conduct of a supervisor or fellow employee may be
> imputed to the employer if the employer "(a) authorized, knew, or
> should have known of the harassment and (b) failed to take reasonably
> prompt and adequate corrective action.

*Butler* at *6, *quoting Glasgow v. Georgia-Pacific Corp.,* 103 Wn.2d 401, 693 P.2d

708, 712 (1985).  Here, the merits of Blair's WLAD national origin harassment

claim are no stronger than his federal national origin harassment claim.  Blair

cannot establish the severe or pervasive requirement (that the harassment was

sufficiently severe or pervasive to alter the conditions of his employment and create

an abusive work environment) or to impute the comments to Ms. Xiao or Mr. Wen.

\\PROLAWSVR\lawdata\Documents\Soap Lake Natural Spa & Resort\Blair et al v Soap Lake Resort\Pleadings - Dispositive\559900.doc

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND MEMO IN SUPPORT OF MOTION -- Page 15 of 29
No. 2:19-cv-00083 SMJ



P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

## E.    RETALIATION UNDER STATE AND FEDERAL LAW

Blair alleges he was retaliated against for "opposing what he reasonably believed to be discrimination on the basis of religion and national origin" and this was a "substantial factor in the decision to terminate" his employment.  (1st Amend. Compl. ¶¶ 127, 128.)

*Federal Retaliation Law* -- To establish a retaliation claim under Title VII, "a plaintiff must show (1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two." *Brooks v. City of San Mateo,* 229 F.3d 917, 928 (9th Cir. 2000).

Assuming, arguendo, plaintiff made out a prima facie case, the burden shifts to the employer to present legitimate reasons for the adverse employment action. *Brooks,* 229 F.3d at 928.  Here, the employer submitted substantial evidence that Blair was discharged because he was untrustworthy.  Blair lacks evidence that the employer's reason was mere pretext.

*WLAD Retaliation Law* – Blair's state law retaliation claim is also based upon being discharged for opposing religious discrimination. (1st Amend. Compl. ¶ 129.)  Blair was not fired for opposing religious discrimination – he was discharged because he was untrustworthy.

## F.    WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

\\PROLAWSVR\lawdata\Documents\Soap Lake Natural Spa & Resort\Blair et al v Soap Lake Resort\Pleadings - Dispositive\559900.doc

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND MEMO IN SUPPORT OF MOTION -- Page 16 of 29
No. 2:19-cv-00083 SMJ

MR MOBERG RATHBONE KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

Blair alleges that a "significant factor in the decision" to fire him was because he pursued a wage complaint with the Department of Labor and Industries (L & I). (1st Amend. Compl. ¶¶ 132, 133.) The tort for wrongful discharge in violation of public policy (VDVPP) "is a narrow exception to the at-will doctrine and must be limited only to instances involving very clear violations of public policy." *Rose v. Anderson Hay and Grain Co.,* 184 Wn.2d 268, 276, 358 P.3d 1139 (2015). Because the courts construe this exception narrowly, claims for WDVPP have generally been limited to four scenarios:

> (1) where employees are fired for refusing to commit an illegal act; (2) whether employees are fired for performing a public duty or obligation, such as serving jury duty; (3) where employees are fired for exercising a legal right or privilege, such as filing workers' compensation claims; and (4) where employees are fired in retaliation for reporting employer misconduct, i.e., whistleblowing.

*Gardner v. Loomis Armored, Inc.,* 128 Wn.2d 931, 936, 913 P.2d 377 (1996), *citing Dicomes v. State,* 113 Wn.2d 612, 618, 782 P.2d 1002 (1989).

"The strict clarity requirement ensures that only clear violations of important, recognized public policies could expose employers to liability." *Rose,* 184 Wn.2d at 276. The first clement of a claim for VDVPP is the existence of a "clear public policy." *Id.* at 277. Plaintiff has the burden to show that his or her "discharge may have been motivated by reasons that contravene a clear public policy." *Martin v. Gonzaga Univ.,* 191 Wn.2d 712, 725, 425 P.3d 837 (2018). "The question of what

\\PROLAWSVR\lawdata\Documents\Soap Lake Natural Spa & Resort\Blair et al v Soap Lake Resort\Pleadings - Dispositive\559900.doc

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND MEMO IN SUPPORT OF MOTION -- Page 17 of 29
No. 2:19-cv-00083 SMJ

MOBERG
RATHBONE
KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA 98823
(509) 754-2356 | Fax (509) 754-4202

constitutes a clear mandate of public policy is one of law . . . ." *Dicomes v. State,* 113 Wn.2d 612, 617, 782 P.2d 1002 (1989).  Once a clear public policy is established, the burden shifts to the employer to plead and prove that the employee's termination was motivated by other, legitimate, reasons. *Thompson v. St. Regis Paper Co.,* 102 Wn.2d 219, 232-33, 685 P.2d 1081 (1984). The third element of a claim for VDVPP is whether the public-policy-linked conduct caused plaintiff's dismissal.  *Rose,* 184 Wn.2d at 277.  If the employee presents a prima facie case, the burden shifts to the employer to offer a nonretaliatory reason for terminating the employee.  *Wilmot v. Kaiser Alum. & Chem. Corp.,* 118 Wn.2d 46, 70, 821 P.2d 18 (1991).  If the employer produces evidence of a legitimate basis for discharge, "the plaintiff may respond to the employer's articulated reason by showing that the reason is pretextual, or by showing that although the employer's stated reason is legitimate, the worker's pursuit of or intent to pursue workers' compensation benefits was nevertheless a substantial factor motivating the employer to discharge the worker." *Id.* at 73.

Here, Blair was discharged because he was untrustworthy – not because he filed a wage complaint with L & I.  Ms. Xiao and Mr. Wen did not even know Blair had filed an L & I claim before they decided to fire him. (DSSF # 187.)

## **CLAIMS BY PLANTIFF BEAN**

\\PROLAWSVR\lawdata\Documents\Soap Lake Natural Spa & Resort\Blair et al v Soap Lake Resort\Pleadings - Dispositive\559900.doc

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND MEMO IN SUPPORT OF MOTION -- Page 18 of 29
No. 2:19-cv-00083 SMJ

MOBERG
RATHBONE
KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

## G.    NATIONAL ORIGIN HARASSMENT UNDER FEDERAL AND STATE LAW

*No Proof of Suit Within 90 Days of Right to Sue Letter* – Because Bean lacks evidence that she filed a lawsuit within 90 days after receipt of a Right to Sue letter her federal national origin harassment claim must be dismissed.  A Title VII action must be filed within 90 days after receipt of a Notice of Right to Sue. 42 U.S.C. § 2000e-5(f)(1); *Payan v. Aramark Management Servs. Ltd. Partnership,* 495 F.3d 1119, 1121 (9th Cir. 2007).  "A claim is time barred if it is not filed within these time limits." *Nat'l R.R. Passengers Corp. v. Morgan,* 536 U.S. 101, 109 (2002).

*WLAD National Origin Harassment* -- Bean alleges she was subjected to language or conduct that occurred because of her national origin (i.e., she was not Greek or Russian).  (1st Amend. Compl. ¶ 116.)  Bean alleges that her claim is based on conduct of co-worker Spiros. (*Id.* ¶¶ 116-120.)

During Bean's deposition she was asked about all the national origin harassment that she experienced from Spiros.  Bean's complete responses are found in DSSF from Bean's deposition testimony.  (DSSF ## 49-75.)  Bean testified that Spiros told her "that I was a stupid American and I didn't know how to do my job." (DSSF # 53.)

The law regarding a claim of national origin harassment is set forth in Part D above.  Bean's evidence is insufficient to prove that she was subjected the alleged

\\PROLAWSVR\lawdata\Documents\Soap Lake Natural Spa & Resort\Blair et al v Soap Lake Resort\Pleadings - Dispositive\559900.doc

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND MEMO IN SUPPORT OF MOTION -- Page 19 of 29
No. 2:19-cv-00083 SMJ

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

national origin harassment was severe and pervasive harassment, that it interfered

with her work or that Mr. Wen or Ms. Xiao knew or should have known about the

alleged harassment.

## H.   WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

Bean alleges that he had a legal right to file a wage complaint with L & I and

that a "significant factor" in the decision to terminate her employment was the filing

of her state wage complaint. (1st Amend. Compl. ¶¶ 132, 133.)  The law regarding

the tort of VWVPP is set forth in Part F above.

Bean was given a letter of termination because she asked for one. (DSSF #

189.)  Even if Bean did not ask for a letter of termination, which is denied, Ms.

Xiao and Mr. Wen did not receive notice of any L & I claim by Blair, Bean and

Sharp until after they decided to fire Blair and Sharp.   (DSSF # 187.)

## CLAIMS BY PLANTIFF SHARP

## I.   BREACH OF CONTRACT UNDER STATE LAW

Sharp alleges that Defendants failed, under the terms of a contract, to pay

him $48,000 per year, a $900 per month non-taxable housing allowance, a gas

allowance and a phone allowance.  (1st Amend. Compl. ¶ 95.)  Sharp also alleges

that Defendants failed to allow him to take a 14-day leave of absence to travel to

Malaysia beginning on April 9, 2018.  (*Id.*)  Sharp also alleges that Defendants

failed to pay him $5,000 to begin working immediately. (*Id.*) Sharp also alleges that

\\PROLAWSVR\lawdata\Documents\Soap Lake Natural Spa & Resort\Blair et al v Soap Lake Resort\Pleadings - Dispositive\559900.doc

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND MEMO IN SUPPORT OF MOTION -- Page 20 of 29
No. 2:19-cv-00083 SMJ

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

Defendants failed to give him a 10% of the restaurant and hotel profits after 30 days of employment. (*Id.*) Plaintiff also alleges that Defendants failed to pay him a bonus for each special building project he completed. (*Id.*)

The declarations of Ms. Xiao and Mr. Wen demonstrate that Sharp was paid everything that he was entitled to under his contract. (DSSF ## 147-238.)

## J.  WILLFUL WITHHOLDING OF WAGES UNDER STATE LAW

Sharp alleges that Defendants willfully paid him a lower wage than Defendants were obligated by contract to pay. (1st Amend. Compl. ¶ 100.) The law regarding wrongful withholding of wages is set forth in Part B above.

As noted above, the declarations of Mr. Wen and Ms. Xiao establish that Sharp was paid all wages to which he was entitled. At most, there is a bona fide dispute. A bona fide dispute does not support a claim for wrongful withholding of wages.

## K.  OVERTIME UNDER FEDRAL AND STATE LAW

Sharp alleges that he worked between 105 and 126 hours per week (except for a 6-day trip he took) but Defendants failed to pay him compensation of 1-1/2 times his regular rate for working in excess of 40 hours per week. (1st Amend. Compl. ¶ 103.) Sharp's claim is incredible on its face. Sharp lacks evidence – other than his own word – that he worked the hours that he claims to have worked. Sharp's overtime claim should be barred for this reason alone. As the Director of

\\PROLAWSVR\lawdata\Documents\Soap Lake Natural Spa & Resort\Blair et al v Soap Lake Resort\Pleadings - Dispositive\559900.doc

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND MEMO IN SUPPORT OF MOTION -- Page 21 of 29
No. 2:19-cv-00083 SMJ

**MRK** MOBERG
RATHBONE
KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

Operations with administrative duties, Sharp was charged with keeping accurate records of all hours worked by employees. (DSSF # 160.)  Sharp should not be allowed to claim that he worked 105-126 hours per week when he, standing in the shoes of the employer, failed in his record keeping obligations to maintain accurate time records.

It is not enough for an employ to simply attest that he or she is owed overtime for a certain number of hours – the employee must also be able to show that he or she worked the specific number of overtime hours allegedly owed to him. *Holaway v. Stratasyrs, Inc.,* 2014 WL 5755987 (8th Cir. 2014) (evidence was insufficient to support FLSA overtime).  The *Holaway* court did not evaluate whether plaintiff's classification as an "exempt" employee was correct because plaintiff "failed to meet even the relaxed evidentiary standard" and only put forth "contradictory and bare assertions of his overtime hours worked" and "failed to provide a meaningful explanation of how he arrive at his final estimate . . . ." *Id.* at *3. The circuit court stated that plaintiff "provided only vague testimony and failed to reference specific days and hours worked."  *Id.* Plaintiff's evidence "provides no details which would allow a jury to determine [he] worked beyond forty hours in any specific week of his employment." *Id.  Holaway* establishes that it is not enough for Blair to guess that he worked a certain number of hours – some meaningful evidence is required of the time worked to move forward on an

\\PROLAWSVR\lawdata\Documents\Soap Lake Natural Spa & Resort\Blair et al v Soap Lake Resort\Pleadings - Dispositive\559900.doc

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND MEMO IN SUPPORT OF MOTION -- Page 22 of 29
No. 2:19-cv-00083 SMJ

MR MOBERG RATHBONE KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

overtime claim.  *See also Bailey v. New Age Distributing, Inc.,* 2019 WL 6249395,

*3 (E.D. Ark. 2019) (the employee "failed to come forward with sufficient evidence

to show the amount and extent of [overtime] work which would allow a fact-finder

to find overtime hours as a matter of just and reasonable inference"); *Rickard v.*

*Hennepin Home Health Care, Inc.,* 2016 WL 6089690, *3 (D. Minn. 2016) ("While

[plaintiff] is not required to prove 'the precise extent of uncompensated work,' she

cannot rely on 'unsupported estimations' of unpaid overtime.").

Sharp was a salaried employee with substantial management-related

responsibilities.   Under both federal law and state law Sharp was not entitled to

overtime pay.

*Federal Overtime Law* -- The Fair Labor Standards Act (FLSA) provides an

exemption from paying overtime to any worker "employed in a bona fide executive,

administrative or professional capacity." 29 U.S.C. § 213(a)(1).  To qualify for the

executive employee exemption, the following test must be met: (1) the employee' is

compensated on a salary basis at a rate of not less than $684 per week, (2) the

employee's primary duty must be managing the enterprise or managing a

customarily recognized department or subdivision of the enterprise, (3) the

employee customarily and regularly directs the work of at least two or more other

employees or their equivalent and (4) the employee has the authority to hire or fire

other employees, or the employee's suggestions and recommendations as to the

\\PROLAWSVR\lawdata\Documents\Soap Lake Natural Spa & Resort\Blair et al v Soap Lake Resort\Pleadings - Dispositive\559900.doc

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND MEMO IN SUPPORT OF MOTION -- Page 23 of 29
No. 2:19-cv-00083 SMJ

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

hiring, firing, advancement, promotion or any other change of status of other employees is given weight. 29 CFR § 541.100.  To qualify for the administrative exemption, the following test must be met: (1) the employee is compensated on a salary of not less than $684 per week, (2) the employee's primary duty is the performance of office or non-manual work directly-related to the management or general business operation of the employer or the employer's customers and (3) the employee's primary duty includes the exercise of discretion and independence with respect to matters of significance. 29 CFR § 541.200.  "Concurrent performance of exempt and nonexempt work does not disqualify an employee from the executive exemption if the requirements of § 541.100 are otherwise met."  29 CFR § 541.106.

Blair's position qualifies him as an executive or administrative worker. In *Black v. Colaska,* 2008 WL 4681567 (W.D. Wash. 2008), plaintiff worked as a project manager and was found to be exempt from overtime pay.  The district court concluded that the employer was entitled to summary judgment. *Id.* at *10.  The district court stated at *8:

> [H]e claims that because he performed substantial physical labor that he does not qualify as an exempt employee. . . . [T]he fact that an employee performs substantial manual labor is irrelevant if their primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers and whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

\\PROLAWSVR\lawdata\Documents\Soap Lake Natural Spa & Resort\Blair et al v Soap Lake Resort\Pleadings - Dispositive\559900.doc

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND MEMO IN SUPPORT OF MOTION -- Page 24 of 29
No. 2:19-cv-00083 SMJ

MOBERG
RATHBONE
KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

*Washington Overtime Law* -- Blair is also statutorily exempt from

Washington's Minimum Wage Act (MWA), RCW Ch. 49.46, by virtue of having

been employed in an administrative and/or executive capacity.  Overtime pay "does

not apply to . . . [a]ny person exempted pursuant to RCW 49.46.010(3)." RCW

49.46.130(2)(a). The MWA exempts workers from the overtime requirement and

allows employees to be paid a fixed salary for all hours worked.  RCW

49.46.130(2). The MWA excludes from the definition of "employee" anyone who is

"employed in a bona fide executive, administrative, or professional capacity . . . as

those terms are defined and delimited by rules of the director [of the Department of

Labor and Industries]."  RCW 49.46.010(3)(c).  The regulations under the MWA

are substantially the same as the federal regulations. *See* WAC 296-128-510

(executive) and WAC 296-128-520 (administrative).

> [T]he Department of Labor and Industries has interpreted WAC 296-128-520 to apply to employees who play a significant role in creating and/or enforcing management policies.  Although the precise amount of time an employee spends performing management-related work versus non-management-related work is a relevant consideration, it is not dispositive.  As articulated by the Department of Labor and Industries, the most important consideration is the relative importance of the employee's management-related responsibilities to the functioning of the employer as a hole. This construction of the regulation is entitled to substantial deference by this Court.

*Reed v. City of Asotin,* 917 F.Supp.2d 1156, 1162 (E.D. Wash. 2013).  The district

court in *Reed* dismissed plaintiff's MWA overtime claim on summary judgment.

\\PROLAWSVR\lawdata\Documents\Soap Lake Natural Spa & Resort\Blair et al v Soap Lake Resort\Pleadings - Dispositive\559900.doc

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND MEMO IN SUPPORT OF MOTION -- Page 25 of 29
No. 2:19-cv-00083 SMJ

MR | MOBERG RATHBONE KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

The district court held that a police chief was exempt from the MWA even though his management-related duties accounted for only 40 percent of his work. *See also Mann v. Boeing Company,* 2017 WL 3385860, *5 (W.D. Wash. 2017) ("Because plaintiff's primary duty as an FLL [First Line Leader] was the management of a customarily recognized department, Boeing correctly classified him as exempt under the executive exemption."); *Gonzales v. Barrett Business Servs., Inc.,* 2006 WL 1582380, *21 (E.D. Wash. 2006) (customer service representative "was exempt from MWA's overtime compensation requirement and may not pursue her overtime claim").

Here, Ms. Xiao and Mr. Wen lived in Western Washington and depended upon Sharp to for his management-related responsibilities for the proper functioning of their business.  As in *Reed,* Sharp's "management-related duties were clearly central to the successful management and operation of [Soap Lake Resort]."  917 F.Supp.2d at 1162.  Sharp was exempt from entitlement to any overtime pay.  Moreover, as with Sharp's federal overtime claim, Sharp cannot rely upon unsubstantiated estimates to support his overtime claim.  It was Sharp who had the duty at Soap Lake Resort to keep track of the hours worked by employees. (DSSF # 160.)

## L.    NATIONAL ORIGIN HARASSMENT UNDER FEDERAL AND STATE LAW

\\PROLAWSVR\lawdata\Documents\Soap Lake Natural Spa & Resort\Blair et al v Soap Lake Resort\Pleadings - Dispositive\559900.doc

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND MEMO IN SUPPORT OF MOTION -- Page 26 of 29
No. 2:19-cv-00083 SMJ

MOBERG
RATHBONE
KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

*Federal National Origin Harassment Law* -- Sharp alleges he was subjected to language or conduct that occurred because of his national origin (i.e., he was not Greek or Russian).  (1st Amend. Compl. ¶ 116.) The law regarding national origin harassment is set forth in Part D above.

During Sharp's deposition he was asked about all of the national origin harassment he experienced from Spiros.  Sharp's complete responses are found in Sharp's deposition testimony. (DSSF ## 77-146.)  Sharp lacks evidence that the alleged harassment was severe or pervasive, it interfered with his ability to work or that Ms. Xiao or Mr. Wen knew or should have known about the alleged harassment.

*WLAD National Origin Harassment Law* – Sharp's WLAD national origin claim fails for the same reason as his federal national origin harassment claim.

## M.    WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

Sharp alleges that he had a legal right to file a wage complaint with the Department of Labor and Industries and that a "significant factor" in the decision to terminate his employment was his filing of a state wage claim. The law regarding the claim of WDVPP is set forth in Part F above.

Here, Sharp was discharged because he was untrustworthy – not because he filed an L &I claim.  Ms. Xiao and Mr. Wen did receive notice of any L & I claim

\\PROLAWSVR\lawdata\Documents\Soap Lake Natural Spa & Resort\Blair et al v Soap Lake Resort\Pleadings - Dispositive\559900.doc

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND MEMO IN SUPPORT OF MOTION -- Page 27 of 29
No. 2:19-cv-00083 SMJ

MR | MOBERG
RATHBONE
KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

by Blair, Bean or Sharp until after they decided to fire Blair and Sharp.   (DSSF # 187.)

## V.    CONCLUSION

For the reasons set forth above, the Court should dismiss Plaintiffs' lawsuit on summary judgment.

RESPECTFULLY SUBMITTED this 14th day of January, 2020.

MOBERG RATHBONE KEARNS, P.S.

*s/ Jerry J. Moberg and James E. Baker*
JERRY J. MOBERG, WSBA No. 5282
JAMES E. BAKER, WSBA No. 9459
Attorneys for Defendants / Counterclaim Plaintiffs

\\PROLAWSVR\lawdata\Documents\Soap Lake Natural Spa & Resort\Blair et al v Soap Lake Resort\Pleadings - Dispositive\559900.doc

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND MEMO IN SUPPORT OF MOTION -- Page 28 of 29
No. 2:19-cv-00083 SMJ

MOBERG
RATHBONE
KEARNS

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202

**CERTIFICATE OF SERVICE**

I certify that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification to:

Adam R. Pechtel
adam@pechtellaw.com

DATED this 14th day of January, 2020 at Ephrata, WA.

MOBERG RATHBONE KEARNS, P.S.


*s/ Cinthia Piedra*
CINTHIA PIEDRA, Paralegal

\\PROLAWSVR\lawdata\Documents\Soap Lake Natural Spa & Resort\Blair et al v Soap Lake Resort\Pleadings - Dispositive\559900.doc

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND MEMO IN SUPPORT OF MOTION -- Page 29 of 29
No. 2:19-cv-00083 SMJ

P.O. Box 130 | 124 3rd AVE S.W.
Ephrata, WA  98823
(509) 754-2356 | Fax (509) 754-4202