FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 13, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

REGINALD BLAIR, CRYSTAL
BEAN, and PETER SHARP,

                    Plaintiffs,

          v.

SOAP LAKE NATURAL SPA &
RESORT, LLC and SHERRY XIAO,

                    Defendants.

No.   2:19-cv-00083-SMJ

**ORDER DENYING MOTION TO
DISMISS PLAINTIFF BEAN'S
CLAIMS**

Before the Court, without oral argument, is Defendants Soap Lake Natural

Spa & Resort, LLC and Sherry Xiao's Motion to Dismiss Plaintiff Bean's Lawsuit

for Lack of Subject-Matter Jurisdiction, ECF No. 50. In March 2019, Defendants

removed this action, including Plaintiff Crystal Bean's exclusively state-law claims,

invoking the Court's federal question and supplemental jurisdiction. Nothing of

consequence has changed since that time, yet Defendants now urge the Court to

decline supplemental jurisdiction over those same state-law claims. For the reasons

that follow, the Court finds declining supplemental jurisdiction is inappropriate and

would result in an undeserved procedural windfall to Defendants. Accordingly, the

Court denies the motion and retains jurisdiction over each of Plaintiffs' claims.

ORDER DENYING MOTION TO DISMISS PLAINTIFF BEAN'S CLAIMS – 1

# BACKGROUND

Plaintiffs Reginald Blair, Crystal Bean, and Peter Sharp brought suit against Defendants in the Grant County, Washington Superior Court. *See* ECF No. 1-1 at 4. Plaintiffs alleged numerous state law claims including breach of contract, wage and hour violations, and illegal discrimination arising out of their employment at the Soap Lake Resort, owned by Defendant Xiao. *See id.* at 16–19, 20–21. In addition to Plaintiffs' state-law claims, Plaintiff Blair alleged religious harassment under Title VII and unlawful retaliation under federal law for allegedly resisting Defendants' harassment. *Id.* at 19, 21 (citing 42 U.S.C. § 2003e-3).

Defendants removed the suit to this Court, invoking federal question jurisdiction on the basis of Plaintiff Blair's federal claims. ECF No. 1. Defendants filed an Answer and lodged six state-law counterclaims. *See* ECF No. 3 at 24–26. Plaintiffs subsequently filed a First Amended Complaint including additional federal causes of action. *See* ECF No. 10. Plaintiff Sharp alleged violations of the Fair Labor Standards Act (FLSA) for Defendants' alleged failure to pay overtime, and each Plaintiff alleged Defendants engaged in national origin harassment under Title VII. *Id.* at 19–20, 22–23 (citing 29 U.S.C. § 207; 42 U.S.C. § 2000e-2).

In response to Defendants' motion for summary judgment, Plaintiffs Blair and Bean withdrew their claims under Title VII, and Plaintiff Blair withdrew his federal retaliation claim. *See* ECF No. 35 at 25. Defendants assert Plaintiff Bean

withdrew her Title VII claim because she never obtained a "Right to Sue" letter from the EEOC, a prerequisite to maintaining a private action under Title VII. ECF No. 69 at 2; *see also Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121–22 (9th Cir. 2007). Thus, in addition to Plaintiffs' state-law claims, two federal causes of action remain: Plaintiff Blair's claim under the FLSA, and Plaintiff Sharp's Title VII claim. *See* ECF No. 67 at 3. Defendants now move to dismiss Plaintiff Bean's claims, all of which arise under state law. ECF No. 50. Defendants initially argued the Court lacked subject matter jurisdiction over those claims, though now maintain the Court should decline to exercise supplemental jurisdiction over them. *See* ECF No. 69 at 4.

## LEGAL STANDARD

The jurisdiction of the federal courts is limited, and the party invoking the Court's jurisdiction bears the burden of establishing why it exists. *United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010). The Court may exercise supplemental jurisdiction over a party's state law claims to the extent they are "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1376(a). This jurisdiction extends to claims involving the joinder . . . of additional parties." *Id.*

"A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal

ORDER DENYING MOTION TO DISMISS PLAINTIFF BEAN'S CLAIMS – 3

claims would normally be tried together." *See Bahrampour v. Lampert*, 356

F.3d 969, 978 (9th Cir. 2004) (quoting *Trs. of the Constr. Indus. & Laborers Health*

*& Welfare Tr. v. Desert Valley Landscape Maint., Inc.*, 333 F.3d 923, 925 (9th Cir.

2003)). However, after acquiring supplemental jurisdiction over a state law claim,

a court may decline to exercise jurisdiction if

> (1) The claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1376(c). "In the usual case in which all federal-law claims are

eliminated before trial, the balance of the factors . . . will point toward declining to

exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ.*

*v. Cohill*, 484 U.S. 343, 350 n.7 (1988), *superseded by statute on other grounds as*

*stated in Stanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010).

## DISCUSSION

In the state court, Plaintiffs alleged a combination of state and federal causes

of action, though Plaintiff Bean brought only state-based claims. *See generally* ECF

No. 1-1. In removing the suit to this Court, Defendants—invoking the Court's

federal question jurisdiction—implicitly recognized the Court had supplemental

jurisdiction over the pendent state-law claims; that is, that they were "so related to

ORDER DENYING MOTION TO DISMISS PLAINTIFF BEAN'S CLAIMS – 4

[the federal claim] . . . that they form part of the same case or controversy . . . ." 28 U.S.C. § 1376(a). That conclusion was correct: all Plaintiffs' claims arise out of a common nucleus of operative fact, namely their work at the Soap Lake Resort in the service of Defendants, the allegedly hostile work environment they encountered there, and their subsequent termination, allegedly for seeking to vindicate their rights to fair compensation. *See* ECF No. 10. Nor was the Court's authority to exercise supplemental jurisdiction eliminated by Plaintiffs' filing the First Amended Complaint or Plaintiff Bean or Blair's decision to withdraw certain federal claims. It remains the case that all Plaintiffs' claims arise out of a common nucleus of operative fact. *Bahrampour*, 356 F.3d at 978.

The Court may decline to exercise supplemental jurisdiction where it has dismissed "*all claims* over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). But in this case, even though Plaintiff Bean has withdrawn her federal claim, there remain claims over which the Court has original jurisdiction—namely, Plaintiff Blair's FLSA claim and Plaintiff Sharp's Title VII claim. The Court's supplemental jurisdiction "include[s] claims that involve the joinder . . . of additional parties," and thus plainly extends to Plaintiff Bean's claims. *Id.* § 1367(a).

For the same reason, the standard announced in *Carnegie-Mellon University* does not weigh in favor of declining supplemental jurisdiction over those

claims. 484 U.S. at 350 n.7 ("In the usual case in which *all federal-law claims are eliminated before trial*, the balance of the factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." (emphasis added). The cases on which Defendants rely are similarly inapposite. *See, e.g.*, *Crawford v. PUD #1 of Cowlitz Cty.*, Case No. 16-5943 RJB, 2018 WL 460231, at *2 (W.D. Wash. Jan. 18, 2018) ("Even assuming that the Plaintiff at one time asserted a federal claim, but *has now abandoned all federal claims . . . .*" (emphasis added)). Defendants identify no other provision of § 1367(c) that would support the decision to decline supplemental jurisdiction, and the Court finds none applicable: the issues of state law raised by Plaintiff Bean's claims or neither novel nor complex, they do not substantially predominate over the case's federal claims, and there are no exceptional circumstances otherwise warranting remand or dismissal.[1]

Finally, the Court finds that declining to exercise supplemental jurisdiction under these circumstances would both be antithetical to the aims of judicial economy and result in an undeserved procedural victory for Defendants. Plaintiffs Blair and Sharp's federal claims will proceed in this Court regardless of how

---

[1] Notably, the decision to decline supplemental jurisdiction under § 1367(c) is always discretionary—subject matter jurisdiction over state claims, once obtained, is not automatically or necessarily extinguished by the subsequent dismissal of all federal claims. Thus, even if there were no federal claims remaining in the litigation—which there are—for reasons of fairness and judicial economy, the Court could still exercise supplemental jurisdiction over the remaining state claims.

Defendants' motion to dismiss is disposed of, and to decline jurisdiction over Plaintiff Bean's claims would result in unnecessarily expensive and protracted litigation of the piecemeal variety courts strive to avoid. *See Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 842 (9th Cir. 2017).

Defendants contend that "[k]nowing that she did not obtain a Right to Sue Letter, Bean should not have brought a lawsuit in federal court," implicitly suggesting that whatever hardship declining jurisdiction might entail should be borne by Plaintiff Bean, who improperly invoked the Court's jurisdiction. ECF No. 50 at 3. That argument fails because, as Plaintiffs point out, Plaintiff Bean *did not* bring a lawsuit in federal court—together with Plaintiffs Sharp and Blair, she brought a lawsuit in state court. *See generally* ECF No. 1-1. It was Defendants who invoked the Court's jurisdiction over Plaintiff Bean's claims, and it would be a strange and unfair result to reward Defendants' procedural maneuvering by further delaying resolution of those claims.

## CONCLUSION

By invoking the Court's supplemental jurisdiction over Plaintiff Bean's exclusively state-law claims, Defendants acknowledged those claims arose out of a common nucleus of operative fact as Plaintiffs Sharp's and Blair's, including Plaintiff Blair's Title VII claim. Since that time, nothing of consequence has changed concerning Plaintiff Bean's claims: she pled, and then abandoned, a federal

ORDER DENYING MOTION TO DISMISS PLAINTIFF BEAN'S CLAIMS – 7

cause of action. To decline jurisdiction over her remaining state law claims at this relatively late stage—returning her to start fresh in the state court—is inappropriate under § 1367, is contrary to the ends of judicial efficiency, and would deliver Defendants an undeserved procedural victory owing to nothing more than procedural gamesmanship. This the Court declines to do. The motion is denied.

Accordingly, **IT IS HEREBY ORDERED**:

Defendants' Motion to Dismiss Plaintiff Bean's Lawsuit for Lack of Subject-Matter Jurisdiction, ECF No. 50, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 13th day of April 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge