UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REGINALD BLAIR and PETER SHARP, | NO. 2:19-CV-0083-TOR |
| Plaintiffs, | ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES' CROSS MOTIONS FOR PARTIAL SUMMARY JUDGMENT |
| v. | |
| SOAP LAKE NATURAL SPA & RESORT, LLC and SHERRY XIAO, | |
| Defendants. | |

BEFORE THE COURT are Plaintiffs' Motion for Partial Judgment on the Pleadings (ECF No. 157), Defendants' Motion for Summary Judgment Re Plaintiffs' Anti-SLAPP Affirmative Defense (ECF No. 160), and Plaintiffs' Motion for Partial Summary Judgment (ECF No. 162). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Plaintiffs' Motion for Partial Judgment on the Pleadings (ECF No. 157) is **denied**, Defendants' Motion for Summary Judgment Re Plaintiffs' Anti-SLAPP

ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES'
CROSS MOTIONS FOR PARTIAL SUMMARY JUDGMENT ~ 1

Affirmative Defense (ECF No. 160) is **granted in part and denied in part**, and

Plaintiffs' Motion for Partial Summary Judgment (ECF No. 162) is **granted in**

**part and denied in part**.

## BACKGROUND

This case arises from employment disputes related to a hotel and restaurant

in Soap Lake, Washington.  ECF No. 10.  On June 3, 2019, Plaintiffs' First

Amended Complaint raises the following causes of action:  (1) breach of contract,

(2) willful withholding of wages, (3) overtime violations in violation of federal and

state law, (4) religious harassment in violation of federal and state law, (5) national

origin harassment in violation of federal and state law, (6) retaliation in violation

of federal and state law, and (7) wrongful discharge in violation of public policy.

*See id.*  Defendants answered and raised counterclaims, two of which are

remaining: civil conspiracy and conversion.  ECF Nos. 55, 92.

On August 1, 2022, the Court granted Plaintiffs' Motion for Leave to

Amend Answer to Defendants' civil conspiracy counterclaim to raise the

affirmative defense of immunity from civil liability under Washington's anti-

SLAPP statute, RCW 4.24.510.  ECF Nos. 154, 155.  In the Order the Court

permitted "summary judgment motions on the anti-SLAPP issue **ONLY**."  *Id.* at

154.

1    Plaintiffs filed a motion for partial judgment on the pleadings and a motion

2  for partial summary judgment on the same anti-SLAPP issue.  ECF Nos. 157, 162.

3  Defendants objected and filed a response to Plaintiffs motion for partial judgment

4  on the pleadings, and filed a cross motion for partial summary judgment.  ECF

5  Nos. 160, 164, 167.   Plaintiffs filed a response to Defendants' motion.  ECF No.

6  168.  Except where noted, the following facts are not in dispute.

7    Defendant Soap Lake Natural Spa and Resort LLC is in the business of

8  operating a hotel and restaurant in Soap Lake, Washington.  ECF No. 163 at 2, ¶ 1.

9  Kevin Wen and Defendant Sherry Xiao have been the owners of the Resort since

10 2016. *Id.*, ¶ 2.

11   In February 2018, Ms. Xiao offered Plaintiff Reginald Blair a job as the

12 executive chef with an annual salary of $50,000.  *Id.*, ¶ 4.  When Mr. Blair did not

13 accept, Ms. Xiao offered Mr. Blair a salary of $65,000 plus the payment of rent,

14 which Mr. Blair accepted.  *Id.* at 3, ¶ 9.  Defendants dispute that the rent payment

15 was in addition to the salary and assert that the parties agreed the rent payment

16 would be deducted from his paycheck.  ECF No. 169 at 2-3, ¶ 9.  Upon starting the

17 job, the Resort paid Mr. Blair's rent but deducted wages from Mr. Blair's

18 paychecks to recoup the rent payments.  ECF No. 163 at 3, ¶¶ 12, 13.

19   On March 14, 2018, Plaintiff Peter Sharp started working for Defendants

20 with a salary of $48,000 plus a housing allowance.  *Id.* at 5, ¶ 19.  Mr. Sharp

ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES'
CROSS MOTIONS FOR PARTIAL SUMMARY JUDGMENT ~ 3

regularly worked more than 40 hours per week and Defendants did not pay Mr.

Sharp additional compensation for the hours worked in excess of 40 hours per

week. *Id.* at 5-6, ¶¶ 21, 22. Defendants dispute that Mr. Sharp regularly worked in

excess of 40 hours per week, and assert he hardly worked the minimal 40 hours per

week. ECF No. 169 at 5-6, ¶¶ 20-22. Defendants informed Mr. Sharp that he was

exempt from overtime but he grew suspicious of that claim. ECF No. 163 at 6, ¶

23. Defendants object due to Mr. Sharp's speculation and lack of personal

knowledge. ECF No. 169 at 6, ¶ 23.

On June 21, 2018, Mr. Blair filed a wage complaint with the DLI concerning

the deductions from his wages. ECF No. 163 at 4-5, ¶¶ 15, 16. The same day, Mr.

Sharp filed a wage complaint with the DLI concerning overtime compensation. *Id.*

at 6, ¶¶ 24, 25. Defendants dispute that Plaintiffs filed the wage complaints in

good faith. ECF No. 169 at 4-6, ¶¶ 15, 24

## DISCUSSION

### I.    Motion for Judgment on the Pleadings

As an initial matter, Plaintiffs move for a partial judgment on the pleadings

on the grounds that Defendants' "response" to Plaintiffs' amended answer

constitutes an admission that the civil conspiracy claims are grounded in Plaintiffs'

wage claims. ECF No. 157. As Defendants' "response" is not a pleading under

Federal Rule of Civil Procedure 7(a), the Court denies Plaintiffs' motion. In any

event, as discussed *infra*, the Court rules in favor of Plaintiffs which renders the dispute over whether the response constitutes an admission unnecessary.

## II.    Summary Judgment Standard

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. Further, a dispute is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v.*

*Harris*, 550 U.S. 372, 378 (2007).  Summary judgment will thus be granted

"against a party who fails to make a showing sufficient to establish the existence of

an element essential to that party's case, and on which that party will bear the

burden of proof at trial." *Celotex*, 477 U.S. at 322.

### III.    Washington's Anti-SLAPP Statute

As directed by the Court, the parties cross move for partial summary

judgment regarding whether the anti-SLAPP (i.e. strategic lawsuits against public

participation) applies to Defendants' civil conspiracy counterclaim.  ECF Nos. 160,

162.

Washington's anti-SLAPP statute provides in relevant part:

> A person who communicates a complaint or information to any
> branch or agency of federal, state, or local government … is immune
> from civil liability for claims based upon the communication to the
> agency or organization regarding any matter reasonably of concern to
> the agency or organization.  A person prevailing upon the defense
> provided for in this section is entitled to recover expenses and
> reasonable attorneys' fees incurred in establishing the defense and in
> addition shall receive statutory damages of ten thousand dollars.
> Statutory damages may be denied if the court finds that the complaint
> or information was communicated in bad faith.

RCW 4.24.510.

The purpose of the statute is "to encourage the reporting of potential

wrongdoing to governmental entities by protecting reporting parties from the threat

of retaliatory lawsuits." *Aronson v. Dog Eat Dog Films, Inc.*, 738 F. Supp. 2d

1104, 1109 (W.D. Wash. 2010) (citing *Gontmakher v. City of Bellevue*, 120 Wash.

App. 365, 366 (2004)).  "The immunity applies to any person who communicates a

complaint or information to the government—not only those good faith speakers

genuinely exercising their right to free speech or to petition the government but

also those who make their communications in bad faith.  Those who make their

communications in bad faith may not receive statutory damages, but they will be

immune from the suit based on the communication."  *Leishman v. Ogden Murphy*

*Wallace, PLLC*, 196 Wash. 2d 898, 908 (2021).

The cases Defendants cite to argue that immunity does not apply covers

communications made to courts in the course of litigation.  ECF No. 160 at 5-6.

Defendants appear to misconstrue the relevant communication as the counterclaim,

rather than the wage claims reported to DLI.  *See Saldivar v. Momah*, 145 Wash.

App. 365, 387 (2008) (recognizing statute covers communications made to state

agencies but not communications made in litigation); *Ten Bridges, LLC v. Midas*

*Mulligan, LLC*, 455 F. Supp. 3d 995, 1003 (W.D. Wash. 2020) (communications

made to courts in adjudicative capacity not protected by immunity).

Here, the parties do not dispute that Washington Department of Labor and

Industries ("DLI") is a state government agency.  *See* RCW 43.22 *et seq.*  It is

further undisputed that Plaintiffs made wage complaints and overtime complaints

to DLI on June 21, 2018.  ECF No. 163 at 4-6, ¶¶ 15-17, 24-26.

1    However, the parties dispute whether the wage complaints regarded a matter

2    of reasonable concern to the DLI.  ECF Nos. 160 at 7, 162 at 6-7.  It is undisputed

3    Plaintiff Blair's DLI complaint regarded alleged unlawful wage deductions and

4    Plaintiff Sharp's DLI complaint regarded alleged failure to pay overtime wages.

5    ECF No. 163 at 4-6, ¶¶ 15-17, 24-26.  Defendants' civil conspiracy counterclaim is

6    based on the allegation that Plaintiffs "combined to accomplish an unlawful

7    purpose to harm [Defendants'] business and entered into an agreement to

8    accomplish the conspiracy."  ECF No. 55 at 28-29, ¶ 33.  In response to Plaintiffs'

9    amended answer to the counterclaims, Defendants gave notice to Plaintiffs "that

10   the civil conspiracy counterclaim asserted by [Defendants] is based *in part* on the

11   coordinated filing of Labor & Industries wage claims by [Plaintiffs] against Soap

12   Lake Resort, together with recruitment of former Plaintiff Crystal Bean to join in

13   the coordinated filing of Labor & Industry wage claims by [Plaintiffs]."  ECF No.

14   156 at 3, ¶ 6 (emphasis added).  The Court finds that the wage and overtime

15   complaints constitute matters of reasonable concern to DLI.  *See* RCW

16   49.48.083(1) (requiring DLI to investigate any wage complaint filed by an

17   employee).  However, Defendants maintain the civil conspiracy counterclaim is

18   not limited to the "coordinated filing of Labor & Industries wage claims."  ECF

19   Nos. 167 at 6, 169 at 6-7.  To the extent the civil conspiracy counterclaims are

20

based on conduct outside of the wage claims filed with DLI, the anti-SLAPP

statute does not apply.

Plaintiffs are entitled to recover expenses and reasonable attorneys' fees

incurred in establishing anti-SLAPP immunity applies.  RCW 4.24.510.  However,

based on the disputed evidence, at this time the Court cannot determine whether

the submission of the wage complaints to DLI were made in bad faith.  Therefore,

the Court reserves ruling on the issue of bad faith until the evidence is heard.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Partial Judgment on the Pleadings (ECF No. 157)
   is **DENIED**.  The Objection, Motion for Extension, and Motion to
   Expedite, ECF Nos. 164, 165, 166, are denied as **MOOT**.

2. Defendants' Motion for Summary Judgment Re Plaintiffs' Anti-SLAPP
   Affirmative Defense (ECF No. 160) is **GRANTED in part** and
   **DENIED in part**.

3. Plaintiffs' Motion for Partial Summary Judgment (ECF No. 162) is
   **GRANTED in part** and **DENIED in part**.

4. Defendants' civil conspiracy counterclaim based on wage claims
   submitted to Washington's Department of Labor and Industries is
   **DISMISSED with prejudice**.  The remaining civil conspiracy
   counterclaim based on other conduct remains pending.

ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES'
CROSS MOTIONS FOR PARTIAL SUMMARY JUDGMENT ~ 9

5.  Plaintiffs are instructed to submit a substantiation of fees within fourteen (14) days from the date of this Order.  The timing of a response and reply are governed by LCivR 7.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED October 7, 2022.



THOMAS O. RICE
United States District Judge